RECEIVED

SEP 2 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

GREGORY WILLIS, ET AL.

versus                                                CIVIL ACTION NO. 09-2103

                                                              JUDGE TOM STAGG

CLECO CORPORATION

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Cleco Corporation ("Cleco"), seeking dismissal of all claims alleged by the plaintiff, John Murchison. See Record Document 39. Based on the following, Cleco's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

John Murchison ("Murchison"), along with eleven other current and former African-American employees of Cleco, brought this action against Cleco, alleging race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.; Section 1981 of the United States Code, 42 U.S.C. § 1981; the Louisiana Employment Discrimination Law, La. R.S. 21:301, et. seq.; and

1

the Louisiana Commission on Human Rights, La. R.S. 51:2231.[1] Murchison contends that he has applied for more than twenty positions during his career at Cleco and has been denied the promotions because of his race. See Record Documents 1 and 5. He further alleges that he was denied a promotion to General Manager in 2009 in retaliation for events in 2005. Cleco filed this motion for summary judgment.[2]

Murchison has been employed with Cleco since 1983 and currently serves as a Senior Residential and Small Commercial Developer. See Record Document 60, Affidavit of Murchison. Sometime in 2005, Murchison applied for the position of Manager of Customer and Community Services for the Eastern District but was not selected. See Record Document 5 at 36.

In May of 2005, Murchison was offered the position of Community Franchise Director in Opelousas, Louisiana. In this position, Murchison would have been responsible for managing and renewing Cleco's Operating Agreement with the City of Opelousas. Murchison met with the General Manager in Opelousas, Kim Fontenot ("Fontenot"), to discuss the position. Murchison was told to consider what salary he

---

[1] Murchison concedes that he "failed to exhaust his administrative remedies under Title VII and the Title VII claims are not before this court." Record Document 60 at 7-8. Therefore, Cleco is entitled to summary judgment as to his Title VII claims.

[2] Cleco has filed separate motions for summary judgment against the other plaintiffs. See Record Documents 35, 36, 37, 38, 40 and 41. The court addresses the other motions in separate opinions.

2

desired and inform Fontenot at a later date. Thereafter, Murchison submitted a proposal to Fontenot requesting a salary between $110,000 and $125,000. See id. In August of 2005, at the request of Fontenot, Senior Human Resources Representative Greg Willis sent Murchison a salary offer of $78,000 with another $5,000 incentive for an early franchise renewal. See id., Cleco Memorandum dated August 25, 2005. In November of 2005, Murchison sent Fontenot an email "declining the offer as written" and suggesting they discuss the pay and some other details. See id., Email to Fontenot dated November 10, 2005. In 2006, Murchison was told the position was still being reviewed by management. In 2007, Murchison realized he was not going to be offered the position.

In October of 2008, the General Manager positions for Cleco's Southern District, headquartered in New Iberia, Louisiana, and Central District, headquartered in Opelousas, Louisiana, became available. See Record Document 39, Affidavit of Anthony Bunting. Murchison indicated he was interested in the open positions. See Record Document 60, Affidavit of Murchison. Prior to promoting anyone to the positions, the Vice President of Customer Services and Energy Delivery, Anthony Bunting ("Bunting"), arranged for Marty Smith ("Smith") to transfer to the Central District. See Record Document 39, Affidavit of Bunting. Smith had been the General Manager of Cleco's Northern District, headquartered in Mansfield,

3

Louisiana, for four years. Bunting believed transferring Smith to the Central District, the largest of Cleco's districts, would be "good for his professional development." Id. Smith was transferred to the Central District in January of 2009, leaving the General Manager position in the Northern District vacant. The Southern District position was also still available.

In January of 2009, Bunting filled the Northern and Southern District positions. Bunting selected Mike Bares ("Bares"), who is Caucasian, to fill the Southern District General Manager position. See Record Document 39, Affidavit of Bunting. Bares had been the Manager of Distribution Substations, Standards and Power Quality in Pineville, Louisiana, since 2005. See id. Bunting promoted John Freeman ("Freeman"), who is African-American, to the Northern District position. Freeman had been the Manager of Customer Services in Mansfield since 2006. Murchison claims that Bunting never informed him the Mansfield position was available. See Record Document 60, Affidavit of Murchison. Cleco maintains that it considered Murchison for both of the open positions, but determined that Bares and Freeman were the most qualified candidates. See Record Document 39, Affidavit of Bunting.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

4

Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

---

[3]The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

**B.      Failure To Promote From 1984 - 2005.**

Murchison alleges that Cleco failed to promote him numerous times between 1984 and 2005, in violation of 42 U.S.C. § 1981 and the Louisiana Employment Discrimination Law, La. R.S. 23:301. See Record Documents 1 and 5. Cleco argues that Murchison's promotion claims arising from 1984 through 2005 are time-barred. See Record Document 39. Murchison contends that he was denied two promotions in 2005, which are timely, but concedes that his promotion claims arising between 1984 and 2004 are prescribed. See Record Document 60 at 7. The court agrees that Murchison's federal and state law claims arising between 1984 and 2004 are time-barred. Accordingly, summary judgment as to these claims is granted.

**1.      Section 1981.**

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. Section 1981 does not contain a statute of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371, 124 S. Ct. 1836, 1839 (2004). When a federal statute does not contain a statute of limitations, courts should apply "the most appropriate or analogous state statute of limitations." Id. Under Louisiana law, "[a] section 1981 claim is best characterized as a tort . . . and is, therefore, governed by the one-year prescriptive period for delictual actions dictated

6

by [Louisiana Civil Code article] 3492." Taylor v. Bunge Corp., 775 F.2d 617, 618 (5th Cir. 1985). However, for actions arising under federal statutes enacted after December 1, 1990, courts must apply a catchall four-year statute of limitations. See 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

Section 1981 was originally enacted as part of the Civil Rights Act of 1866 and covered "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." Patterson v. McLean Credit Union, 491 U.S. 164, 179, 109 S. Ct. 2363, 2374 (1989). Section 1981 "did not protect against harassing conduct that occurred after the formation of the contract." Jones, 541 U.S. at 372, 124 S. Ct. at 1840 (citing Patterson, 491 U.S. 164, 109 S. Ct. 2363). Section 1981 was later amended by the Civil Rights Act of 1991 to create a cause of action for discriminatory and retaliatory conduct occurring after the formation of the contract. See id. Thus, the applicable statute of limitations depends upon whether the claim was actionable under the older version of section 1981 or is only made possible by the 1991 amendments. See id., 541 U.S. at 382, 124 S. Ct. at 1845. Where the plaintiff's claim was available under the original section 1981, the court must apply the analogous state statute of limitations, which in

Louisiana is one-year. See id. at 371, 124 S. Ct. at 1839; Taylor, 775 F.2d at 618. However, where the claim is only available under section 1981 as amended, the cause of action is said to "arise under" the Civil Rights Act of 1991 and the federal four-year statute of limitations provided by section 1658 applies. See Jones at 382, 124 S. Ct. at 1845.

Failure to promote claims were actionable under section 1981, prior to the 1991 amendments, if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." Patterson, 491 U.S. at 185, 109 S. Ct. at 2377. As the Supreme Court explained in Patterson, "only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." Id. "In deciding whether a change of position rises to the level of a new and distinct relation, the court must compare the employee's current duties, salary, and benefits with those incident to the new position." Police Assoc. of New Orleans v. City of New Orleans, 100 F.3d 1159, 1170-71 (5th Cir. 1996). If the new position involves "substantial changes," the failure to promote claim was available under section 1981 prior to the 1991 amendments and Louisiana's one-year prescriptive period applies. Police Assoc. of New Orleans, 100 F.3d at 1170-71; see Fonteneaux v. Shell Oil Co., 289 F. App'x 695, 699 (5th Cir. 2008). Otherwise, the claim is only available under

8

section 1981 as amended and the four-year statute of limitations applies. See id.

Murchison was denied a promotion to the position of Community Franchise Director in 2005. As the Community Franchise Director, Murchison would have been responsible for managing and renewing Cleco's Operating Agreement with the City of Opelousas. The promotion involved a new job title with new responsibilities and required him to relocate to Opelousas. Most significantly, Murchison and Cleco were negotiating a new contract with a new salary, and Murchison rejected Cleco's offer because he believed the salary was too low. See Record Document 60, Cleco Memorandum dated August 25, 2005. It is clear from the evidence before the court that Murchison's claim involves pre-contract formation conduct. Thus, his claim was available under section 1981 before the 1991 amendments, and Louisiana's one-year prescriptive period applies. Murchison did not file this action until December of 2009. Accordingly, this failure to promote claim is time-barred and summary judgment is appropriate.[4]

Murchison was also denied a promotion to the position of Manager of Customer and Community Services in 2005. There is no evidence in the summary judgment record to determine whether the four-year or the one-year statute of

---

[4] Murchison claims he was not informed of Cleco's decision not to promote him to the position until 2006 or 2007. See Record Document 60. Even assuming the statute of limitations did not begin to run until 2007, however, his claim is still time-barred based on the one-year Louisiana prescriptive period.

9

limitations applies. Cleco relies solely on its assertion that a one-year statute of limitations applies and makes no substantive argument why this claim should be dismissed. As noted above, determining the applicable statute of limitations for a failure to promote claim is a fact intensive inquiry, requiring consideration of "whether a change of position rises to the level of a new and distinct relation." Police Assoc. of New Orleans, 100 F.3d at 1170-71. Accordingly, the court finds that a factual dispute exists and Cleco's motion for summary judgment is denied as to Murchison's claim based on the failure to promote him to the Manager of Customer and Community Services position.

### 2. The Louisiana Employment Discrimination Law.

The prescriptive period for employment discrimination claims in Louisiana is one year. See La. R.S. 23:303(D); Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ., 579 F.3d 546, 552 (5th Cir. 2009). As mentioned, Murchison filed this suit in December of 2009. Murchison concedes that his failure to promote claims from 1984 through 2004 are prescribed under the Louisiana Employment Discrimination Law. See Record Document 60. Murchison's failure to promote claims from 2005 are also prescribed. Accordingly, summary judgment on Murchison's failure to promote claims from 1984 through 2005 is appropriate and these claims are dismissed.

## C. Failure To Promote In 2009.

Murchison also alleges that Cleco failed to promote him to two General Manager positions in 2009 because of his race and in retaliation for his refusal to accept a new position and salary in 2005. Claims of employment discrimination brought pursuant to 42 U.S.C. § 1981, La. R.S. 23:301, et seq., and La. R.S. 51:2256 are analyzed under the same standards as Title VII claims. See Decorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007). The court will therefore address Murchison's federal and state claims under only the applicable federal precedents.[5]

For cases of discrimination and retaliation based on circumstantial evidence, the court applies the McDonnell Douglas burden-shifting analysis.[6] See Davis v.

---

[5] Cleco argues that Murchison did not comply with the notice requirement of Louisiana Revised Statute 23:303(c) and his race discrimination claims under Louisiana law must fail. The court finds, however, that Murchison did comply with the notice requirement. His attorney submitted a copy of the amended complaint, including the state law claims, to Cleco on November 30, 2009. See Record Document 55, Affidavit of Attorney Bridget Brown. Murchison filed his federal claims on December 11, 2009. See Record Document 1. On January 26, 2010, more than thirty days after the November notice, he amended the complaint to include his state law claims. See Record Document 5. The court finds that Murchison complied with the notice requirement and summary judgment is denied on this ground.

[6] "An employee can prove discrimination through direct or circumstantial evidence." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). Murchison does not allege that he possesses direct evidence in support of his race discrimination claims. See Record Document 59; see also Jones, 427 F.3d at 993 (providing descriptions and examples of direct evidence of discrimination that do not match the evidence presently before this court in regard to Murchison's claims).

11

Dallas Area Rapid Transit, 383 F.3d 309, 316-17 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

> To survive summary judgment under McDonnell Douglas, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action.[7] If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.[8]

Davis, 383 F.3d at 317 (citations omitted).

### 1. Race Discrimination.

As mentioned above, the plaintiff must first present evidence of a prima facie case of discrimination. To establish a prima facie case of race discrimination for a failure to promote claim, the plaintiff must demonstrate:

> (1) that the employee is a member of [a] protected class; (2) that he sought and was qualified for the position; (3) that he was rejected for the position; and (4) that the employer . . . promoted applicants [outside the protected group] with the plaintiff's qualifications.

---

[7] "This burden on the employer is only one of production, not persuasion, involving no credibility assessments." Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).

[8] "[A] plaintiff must present sufficient evidence to find that the employer's asserted justification is false." Crawford v. Formosa Plastics Corp., 234 F.3d 899, 903 (5th Cir. 2000) (citations and quotations omitted).

Davis, 383 F.3d at 317 (citations omitted); see McCoy v. Shreveport, 492 F.3d 551, 556 (5th Cir. 2007).

### a. Central District Position.

Murchison fails to establish a prima facie case of discrimination with regard to the Central District position. The evidence shows that Smith was transferred, not promoted, to the position of General Manager of the Central District. Bunting transferred Smith before deciding whom to promote and considered Murchison for the open positions in the Northern and Southern Districts. The court does not consider Smith to have been promoted over Murchison, as is required for a prima facie case. See Davis, 383 F.3d at 317. As Murchison has not demonstrated a prima facie case, summary judgment is appropriate as to the Central District position.[9]

### b. Northern District Position.

Murchison also fails to establish a prima face case of discrimination as to the

---

[9]Even if Murchison had demonstrated a prima facie case, he fails to establish that he was "clearly better qualified" for the position than Smith or that Cleco's nondiscriminatory rationale was otherwise pretextual. See Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (recognizing that a plaintiff can establish pretext by demonstrating that he was "'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected"). Smith had already served as the General Manager for the Northern District for four years. See Record Document 39, Affidavit of Bunting. Murchison had never served as General Manager and, therefore, did not have comparable management experience. Thus, summary judgment is warranted.

13

General Manager position for the Northern District. Cleco promoted Freeman, who is African-American, to the Northern District position. As discussed previously, to establish a prima facie case of race discrimination, Murchison must show that someone outside of the protected class was promoted to the position instead of him. See McCoy, 492 F.3d at 556. Because Freeman is not outside of the protected class, Murchison has not established a prima facie case of race discrimination and summary judgment is granted.[10]

### c. Southern District Position.

Cleco does not contest that Murchison has demonstrated a prima facie case of discrimination as to the Southern District position, but contends that he has not shown

---

[10]Even assuming that Murchison could establish a prima facie case, he fails to rebut Cleco's proffered nondiscriminatory rationale for promoting Freeman. See Record Document 60. At the time of the promotion, Freeman was already serving in a management position as the Manager of Customer Services in Mansfield, Louisiana. See Record Document 39, Affidavit of Bunting at 2. Freeman had been the manager since 2006 and had performed well. See id. According to Cleco, Bunting promoted Freeman because he already had experience with Cleco's distribution operations and relationships with leaders in the Northern District. See id. at 3. Additionally, Bunting had considered promoting Freeman to the General Manager position four years earlier, but considered Smith to be better prepared at the time. See id. Thus, at that time, Bunting promoted Smith to the General Manager position and placed Freeman in the Manager of Customer Services position where he would gain management experience. See id. Murchison does not offer any evidence to show that this nondiscriminatory rationale is pretextual and, therefore, summary judgment is appropriate.

14

that its nondiscriminatory rationale is pretextual. See Record Document 39. Cleco maintains that Bares was the most qualified candidate for the position. Bares had served as the Manager of Distribution Substations, Standards and Power Quality since 2005 and had received good performance reviews. See Record Document 39, Affidavit of Bunting at 2. Bunting states that he promoted Bares because he had management experience at Cleco and experience in distribution systems. See id. Bares also had a electrical engineering degree and had proven "very adept at managing the delivery of power in accordance with Cleco's Standards program." Id.

Once Cleco set forth this nondiscriminatory rationale, the burden shifted back to Murchison to prove that Cleco's proffered reasons were pretextual. See Davis, 383 F.3d at 317. A plaintiff can show pretext either by "present[ing] sufficient evidence to find that the employer's asserted justification is false," or by demonstrating that he was "'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected." Crawford, 234 F.3d at 903; Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (quoting EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1444 (5th Cir. 1995)). To prove the latter, the plaintiff must submit evidence establishing that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Id. at 923 (quoting Celestine v. Petroleos de Venezuella SA, 266 F.3d 343,

15

357 (5th Cir. 2001)).

Murchison has failed to present sufficient evidence that Cleco's proffered rationale was false. Murchison takes issue with Bunting's hiring criteria, namely his emphasis on and definition of management experience.[11] He has not provided evidence that Cleco's explanation that it hired Bares for his prior management experience was false, however, and he acknowledges that Bares was qualified to be General Manager. See Record Document 39, Deposition of Murchison at 24. That he personally believed himself to be more qualified than Bares is insufficient. See Nichols v. Loral Vought Sys. Corp., 81 F.3 38, 42 (5th Cir. 1996) ("This evidence must be more than merely subjective and speculative.").

Murchison also has not established that he was clearly better qualified than Bares. The evidence shows that Murchison may have been as qualified as Bares for the General Manager position. See Record Document 60, Deposition of Murchison

---

[11]Murchison contends that he was "eminently more qualified" than five persons that Cleco promoted to General Manager in **2005**. However, Murchison did not apply for the General Manager position in 2005 and is not claiming a discriminatory failure to promote at that time. He alleges, rather, than he was discriminated against in 2009. Thus, Murchison's burden is to show he was clearly more qualified than the two persons promoted over him in 2009. The fact that Bunting promoted persons who lacked management experience in 2005 is irrelevant. Moreover, the individuals Murchison identifies who were promoted in 2005, despite their lack of management experience, are Fontenot and George Comeaux, both of whom were removed from their positions for performance-related reasons in 2008. See Record Document 60 at 14 and Deposition of Bunting at 17, 45.

16

at 30-51. Murchison did not have Bares's experience managing employees, but he possessed other skills that would have been helpful as General Manager, including a background in marketing and customer service and experience working with local government. See id. However, Murchison is required to demonstrate that he was "clearly better qualified" than, not simply as qualified as, Bares and he has failed to meet this high standard. He has not shown that "no reasonable person" could have chosen Bares over him. Accordingly, the court finds that summary judgment is appropriate as to this failure to promote claim.

### 2. Retaliation.

Murchison also alleges a retaliation claim. To establish a prima facie case of retaliation, Murchison must demonstrate that:

> (1) he participated in an activity protected by [the law]; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.

McCoy, 492 F.3d at 556-57.

Murchison claims that Cleco failed to promote him to General Manager in January of 2009 in retaliation for his refusal to accept the position and salary offered to him in 2005. However, "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a prima

17

facie case." Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471 (5th Cir. 2002) (holding that a five month time period between the protected activity and the adverse employment action was insufficient to establish a causal connection). Here, there is a four year lapse between Murchison's refusal to accept the salary in 2005, and Cleco's decision not to promote him in 2009. Murchison offers no other evidence of retaliation. The court finds that Murchison has failed to establish a prima facie case of retaliation and summary judgment is appropriate.[12]

**D.   Intentional Infliction Of Emotional Distress.**

In its motion for summary judgment, Cleco insists that Murchison cannot recover on a claim for intentional infliction of emotional distress. See Record Document 39. It does not appear that Murchison has alleged a claim for intentional infliction of emotional distress under Louisiana law, although he does claim **damages** for emotional pain and distress. See Record Document 5 at 37 and 53. To the extent that the complaint included a claim for intentional infliction of emotional distress, that claim must be dismissed. Murchison's opposition includes no argument, much

---

[12]Even if the court found that Murchison had demonstrated a causal connection, and otherwise established a prima facie case of retaliation, Murchison has failed to demonstrate that Cleco's nonretaliatory reasons for not promoting him to General Manager were pretextual. As discussed previously, Cleco provided legitimate, nonretaliatory reasons for promoting Bares and Freeman to General Manager rather than Murchison. For the reasons detailed above, Murchison has failed to carry his burden and summary judgment is appropriate.

less evidence, in support of such a claim. See Record Document 60. Therefore, to the extent Murchison alleges a claim for intentional infliction of emotional distress, Cleco's motion for summary judgment is granted.

### III. CONCLUSION

Based on the foregoing analysis, Cleco's motion for summary judgment (Record Document 39) is **GRANTED** in part and **DENIED** in part. The court finds that Murchison's section 1981 failure to promote claims arising from 1984 through 2004 and from the Community Franchise Director position in 2005 are time-barred. The court further concludes that Murchison's state law failure to promote claims arising between 1984 and 2005 are prescribed. Accordingly, the motion for summary judgment is **GRANTED** as to these claims and they are **DISMISSED WITH PREJUDICE**.

The court also finds that there are no genuine disputes of material fact with respect to Murchison's federal and state law claims arising from the failure to promote him to General Manager in 2009. Thus, summary judgment is **GRANTED** and these claims are **DISMISSED WITH PREJUDICE**.

The motion is further **GRANTED** with regard to Murchison's Title VII claims, which are **DISMISSED WITHOUT PREJUDICE**. To the extent Murchison alleges a claim for intentional infliction of emotional distress, Cleco's motion for summary

judgment is **GRANTED** and the claim is **DISMISSED WITH PREJUDICE**.

The motion for summary judgment is **DENIED** with respect to Murchison's section 1981 claim arising from the failure to promote him to Manager of Customer and Community Services position in 2005.

An order consistent with the terms of this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 21st day of September, 2011.



JUDGE TOM STAGG